**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

**UNITED STATES OF AMERICA**

v.

**JOSE BIAOU**,

Defendant.

</td><td>

Case No. 24-cr-323 (CRC)

</td></tr>
</table>

**ORDER**

On February 17, 2026, a jury convicted Defendant Jose Biaou of six counts of wire fraud and one count of aggravated identity theft.  His sentencing hearing is currently scheduled for August 4, 2026.  Several months after his trial concluded, Biaou's counsel filed four motions, including (1) a motion to "dismiss the Wire Fraud counts of the Superseding Indictment . . . for lack of jurisdiction"; (2) a motion seeking the return of property under Federal Rule of Criminal Procedure 41(g); (3) a motion seeking miscellaneous relief under Brady v. Maryland, 373 U.S. 83 (1963), and Franks v. Delaware, 438 U.S. 154 (1978); and (4) a motion to "stay" his sentencing hearing and related deadlines pending the resolution of his other three motions.  See generally ECF Nos. 118–23.  But Biaou's counsel did not sign any of the motions.  Instead, his counsel filed the motions "at the direction of Jose Biaou," citing "the Court's order at the hearing on February 2, 2026."

Federal Rule of Criminal Procedure 49(b)(4) provides that "[e]very written motion and other paper must be signed by at least one attorney of record in the attorney's name."  The rule further states that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or person's attention."  See also Fed. R. Civ. P. 11(a) (same).  Accordingly, Biaou is ordered to show cause in writing why the motions should not be stricken for failure to comply with Rule 49.

The Court anticipates that in response to this show-cause order, Biaou's counsel may cite various statements made by the Court at a status conference held shortly before trial. At that conference, the Court addressed Biaou's *pro se* motion for leave to file multiple *pro se* motions while he was simultaneously represented by the Federal Public Defender's Office. After a brief *ex parte* discussion, the Court instructed Biaou's counsel to file Biaou's *pro se* motions on his behalf so that the Court could resolve them before jury selection began the following week. The Court's order was based on the particular circumstances present at that time, including the proximity to trial and Biaou's separate motion to continue his trial date. At no point did the Court issue a standing order permitting Biaou's counsel to file *pro se* motions on his behalf. And it certainly did not grant Biaou leave to file multiple *pro se* motions five months *after* his trial concluded with across-the-board convictions.

For the foregoing reasons, it is hereby

**ORDERED** that Defendant show cause, in writing, by July 15, 2026, why the Court should not strike Defendant's [118] Motion to Dismiss Wire Fraud Counts, [119] Motion for Return of Seized Property, [120] Post-Trial Motion for Production of <u>Brady</u> Material, for a <u>Franks</u> Hearing, and to Dismiss, and [123] Motion to Stay Sentencing and Related Deadlines for failure to comply with Federal Rule of Criminal Procedure 49(b)(4). It is further

3

**ORDERED** that the government's deadline to respond to Defendant's [118] Motion to Dismiss Wire Fraud Counts, [119] Motion for Return of Seized Property, [120] Post-Trial Motion for Production of <u>Brady</u> Material, for a <u>Franks</u> Hearing, and to Dismiss, and [123] Motion to Stay Sentencing and Related Deadlines is STAYED pending further order of the Court.

**SO ORDERED**.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: <u>July 13, 2026</u>

3