**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>v.<br>**JOSE BIAOU,**<br>Defendant. | Case No. 24-cr-323 (CRC) |

**OPINION**

Occasionally, a criminal defendant will seek to delay his trial by taking a baseless interlocutory appeal from the district court's denial of a pretrial motion. When that happens, the district court may retain jurisdiction over the case provided it makes a written finding that the interlocutory appeal is frivolous.

Defendant Jose Biaou has pursued a similar gambit in this case, but with a twist. Mr. Biaou has already had a trial: He was convicted by a jury in February for wire fraud and aggravated identity theft. After failing to renew his motion for a judgment of acquittal or to move for a new trial, Biaou filed several *pro se* motions challenging various aspects of his prosecution and trial. The Court issued a lengthy opinion and order denying the motions as untimely and/or without merit, and reset sentencing, which had already been postponed four times, for October 29, 2026.

Recently, however, Biaou filed a notice of interlocutory appeal of the Court's order and sought a stay of his *sentencing* on the ground that the appeal divested the Court of jurisdiction. The Court denied the requested stay by minute order and notified the parties that the sentencing hearing will proceed as scheduled. The Court now writes, consistent with D.C. Circuit guidance, to make plain what was implicit in its prior orders: Biaou's interlocutory appeal is frivolous and therefore does not relieve the Court of jurisdiction to issue a final judgment following

sentencing. Once that judgment is issued, Biaou may then seek to appeal his conviction and any of the Court's prior orders.

## I. Background

The Court presumes familiarity with the allegations against Mr. Biaou that form the basis of his conviction. See United States v. Biaou, 24-cr-323 (CRC), 2026 WL 221768, at *1–2 (D.D.C. Jan. 28, 2026). While Biaou did not lodge any post-trial motions under Rule 29 or Rule 33, he filed three *pro se* motions, which his previously retained counsel could not see fit to sign, following the conclusion of trial: (1) a motion to dismiss the wire fraud counts for lack of federal jurisdiction, see ECF No. 137; (2) a motion to compel discovery of purported Brady material and to dismiss the indictment due to a claimed *ultra vires* investigation and unconstitutional search and seizure by the United States Postal Inspection Service, see ECF No. 135; and (3) a motion for the return of property that was seized from his home and an evidentiary hearing regarding the seizure, see ECF No. 136. He separately moved to stay sentencing proceedings until those motions were resolved. See ECF No. 143. On September 25, 2026, the Court denied the first two motions, held the third in abeyance pending additional information from the government, and denied the motion to stay as moot. See Op. & Order, ECF No. 146 at 23. The Court also vacated and reset the dates for the remaining sentencing proceedings, directing the parties to file sentencing memoranda by October 22, 2026 and to appear for a sentencing hearing on October 29, 2026. See id. at 23–24.

Shortly after the Court issued its Opinion and Order, Biaou filed a notice of interlocutory appeal, see ECF No. 149, a motion to stay proceedings pending that appeal, see ECF No. 150, and a notice of his objections to the Court's Opinion and Order, see ECF No. 151. The Court denied the motion to stay via minute order. See Min. Order (Oct. 13, 2026). In so doing, the Court considered the four factors laid out by the Supreme Court in Nken v. Holder, 556 U.S. 418

(2009), to determine whether a stay was warranted. See Min. Order (Oct. 13, 2026). Concluding that Biaou failed to meet his burden, the Court denied the motion and notified the parties that all sentencing-related deadlines would remain in place. See id.

The government submitted its sentencing memorandum on October 22, 2026. See Gov't's Mem. in Aid of Sent'g, ECF No. 155. Biaou, however, instead elected to file a "statement . . . to explain why he is not in a position to submit a sentencing memorandum" and pronounced that "he does so under protest." Def.'s Statement in Lieu of Sent'g Mem., ECF No. 156 ("Def.'s Sent'g Mem. Statement") at 1. Biaou contends that the Court lacks jurisdiction to proceed with sentencing given his pending interlocutory appeal and emergency motion for a stay before the D.C. Circuit and "respectfully submits that the orderly course is to await the Court of Appeals' disposition of the pending appeal and stay motion before any further sentencing step is taken." Id. at 4–5. In a notice issued the following day, the Court informed the parties that sentencing would proceed as scheduled and explained why the Court retains jurisdiction over this matter notwithstanding Biaou's interlocutory appeal. See Notice (Oct. 23, 2026). The Court also indicated that it would expand on its reasoning in a forthcoming opinion. It now does so.

## II. Analysis

### A. Biaou's Motion to Stay Sentencing Proceedings Pending Interlocutory Appeal

Biaou moved to stay sentencing proceedings in this case pending his interlocutory appeal of the Court's Opinion and Order denying various of his *pro se* post-trial motions. Biaou maintains that the Opinion and Order is "immediately appealable" because it "den[ied] a motion to dismiss on double jeopardy grounds." Def.'s Mot. to Stay Procs. Pending Interlocutory Appeal, ECF No. 150 ("Def.'s Mot. to Stay") at 1. The Court previously denied the stay motion via minute order. See Min. Order (Oct. 13, 2026). The Court now elaborates.

"The party requesting a stay bears the burden of showing that the circumstances justify" issuing a stay. Nken v. Holder, 556 U.S. 418, 433–34 (2009). The Court must consider four factors in determining whether a stay is warranted: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

First, Biaou has not "made a strong showing that he is likely to succeed on the merits," id. (quoting Hilton, 481 U.S. at 776), given the reasons provided by the Court's Opinion and Order denying his motions. Perhaps most importantly, Biaou is unlikely to succeed on the merits because it is improbable that the D.C. Circuit has jurisdiction over Biaou's interlocutory appeal. Biaou astutely points out that "[a]n order denying a motion to dismiss on double jeopardy grounds is immediately appealable." Def.'s Mot. to Stay at 1. The Supreme Court has indeed held that "a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds . . . fall[s] within" the exception to the final-judgment rule. Abney v. United States, 431 U.S. 651, 659 (1977). But Biaou's reliance on this principle is misplaced. Unlike the defendant in Abney, Biaou is not challenging whether the *current prosecution* is barred by double jeopardy. Instead, Biaou argues that "a Superseding Indictment identifying no instrument of transmission and no receiving location for any charged wire does not secure" the guarantee of the Double Jeopardy Clause because "[i]t leaves him exposed to prosecution for the same transmissions on jurisdictional facts the grand jury never passed upon." Def.'s Notice of Obj. to the Ct.'s Sept. 25, 2026 Op. & Order, ECF No. 151 ("Def.'s Objections") at 5. Biaou's claim is therefore not "contesting the very authority of the Government to hale him into court to face trial on the charge against him," Abney, 431 U.S. at 659, but rather, pertains to a hypothetical *future* double-

jeopardy issue. This is not a viable double-jeopardy claim, and only those double-jeopardy claims that are "colorable" are immediately appealable. See Richardson v. United States, 468 U.S. 317, 322 (1984). And even if Biaou did assert a "colorable" double-jeopardy claim (which he does not), his appeal goes beyond the issue of double jeopardy. Biaou presents seven other objections to the Court's Opinion and Order, including an objection "to the denial of his motions as untimely on a ground the government did not assert" and an objection "to the Court's treatment of his motion to dismiss the wire fraud counts as an untimely challenge to a defect in the indictment under Rule 12(b)(3)." Def.'s Objections at 2 (citation omitted). However, only those claims premised on double-jeopardy grounds fall under the collateral-order exception to the final-judgment rule, as "[a]ny other rule would encourage criminal defendants to seek review of, or assert, frivolous double jeopardy claims in order to bring more serious, but otherwise nonappealable questions to the attention of the courts of appeals prior to conviction and sentence." Abney, 431 U.S. at 663. The D.C. Circuit therefore almost certainly lacks jurisdiction to hear the merits of Biaou's appeal at this time, despite Biaou's attempt to assert a "frivolous double jeopardy claim[]," id., in order to seek review of the Court's Opinion and Order. His interlocutory appeal is accordingly baseless.

Second, Biaou has not demonstrated that he "will be irreparably injured absent a stay." Nken, 556 U.S. at 434 (quoting Hilton, 481 U.S. at 776). Biaou implies that he will suffer irreparable injury "because the [Double Jeopardy] Clause protects against being twice put to trial, not merely against being twice punished, and that protection would be lost if review awaited final judgment." Def.'s Mot. to Stay at 1. In other words, Biaou is alleging the general irreparable harm that one faces because of a violation of one's right against double jeopardy. But Biaou is not currently at risk of "being twice put to trial," id., because this is the only trial he has faced on these charges. Therefore, Biaou, who is detained pending sentencing, would not

suffer any harm under the Double Jeopardy Clause by being forced to wait to appeal this Court's final judgment after sentencing. Instead, Biaou can raise this same claim about any alleged deficiency of the Superseding Indictment following the Court's issuance of a final judgment, and the protection of the Double Jeopardy Clause would not "be lost if review awaited final judgment." Id.

Finally, regardless of "whether issuance of the stay will substantially injure the other parties interested in the proceeding," "the public interest lies" in favor of not unreasonably delaying sentencing any further. Nken, 556 U.S. at 434 (quoting Hilton, 481 U.S. at 776). "[T]he public's interest in the dispensation of justice that is not unreasonably delayed has great force." United States v. Poston, 902 F.2d 90, 96 (D.C. Cir. 1990) (quoting United States v. Burton, 584 F.2d 485, 489 (D.C. Cir. 1978)). As the government has noted, more than "eight months will have passed since the jury returned its guilty verdict" by the time of the sentencing hearing, and that hearing "has already been continued [four] times." United States' Resp. to Def.'s Mot. to Stay Sent'g Procs., ECF No. 145 at 6. The public interest therefore strongly favors proceeding with sentencing and denying a stay pending appeal to ensure that the "dispensation of justice," Poston, 902 F.2d at 96, is not further delayed.

In light of the four factors the Court must consider, Biaou has failed to meet his burden to establish that a stay of the sentencing proceedings is warranted pending an interlocutory appeal of the Court's Opinion and Order denying several of his *pro se* post-trial motions. Therefore, the Court declines to issue a stay.

B. The District Court's Jurisdiction Pending Interlocutory Appeal

Biaou argues that this Court is without jurisdiction to proceed with sentencing given his pending interlocutory appeal and his motion before the D.C. Circuit for an emergency stay pending appeal. See Def.'s Sent'g Mem. Statement at 1–2. He is mistaken.

The D.C. Circuit has explained that while the district court is generally divested of jurisdiction over the issues involved in an interlocutory appeal until the court of appeals issues a mandate, "[c]ourts have carved out a few narrow exceptions to this rule, such as where the defendant frivolously appeals or takes an interlocutory appeal from a non-appealable order." United States v. DeFries, 129 F.3d 1293, 1302–03 (D.C. Cir. 1997) (citations omitted). The exception for frivolous appeals applies to appeals that raise double-jeopardy objections. See United States v. Millan, 4 F.3d 1038, 1044 (2d Cir. 1993) (noting that nine circuit courts have held that "[a] district court may retain jurisdiction and proceed to trial, despite the pendency of a defendant's interlocutory double jeopardy appeal, when the appeal is frivolous" (citing United States v. Salerno, 868 F.2d 524, 539 (2d Cir. 1989))).

The procedure for indicating whether an interlocutory appeal is frivolous varies throughout the circuits. All that have addressed the issue require written findings by the district court. See, e.g., United States v. Dunbar, 611 F.2d 985, 988 (5th Cir. 1980) (en banc) (holding that "the district courts, in any denial of a double jeopardy motion, should make written findings determining whether the motion is frivolous or nonfrivolous" and that "[i]f the claim is found to be frivolous, the filing of a notice of appeal by the defendant shall not divest the district court of jurisdiction over the case"); United States v. Leppo, 634 F.2d 101, 105 (3d Cir. 1980) (holding that "an appeal from the denial of a double jeopardy motion does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous and supported its conclusions by written findings"). Some also require the district court to "certify" the appeal as frivolous. See Lopez-Erquicia v. Weyne-Roig, Civ. No. 13-1915 (GAG), 2015 WL 6828315, at *2 n.3 (D.P.R. Nov. 6, 2015) (collecting cases from the Sixth, Seventh, Ninth, and Tenth Circuits that establish a certification requirement but noting that the First Circuit, by contrast, only requires that the district court explicitly rule "that an appeal is 'patently meritless'

as a failure to 'divest the district court of jurisdiction in the first instance'" (citation omitted)). The D.C. Circuit has not imposed a certification requirement. An explicit written finding is therefore sufficient for the Court to retain jurisdiction here. Fellow courts in this district have proceeded similarly. See, e.g., United States v. González-Valencia, No. 16-cr-65-1 (BAH), 2022 WL 3978185, at *3 (D.D.C. Sept. 1, 2022) (denying the defendant's emergency motion to stay proceedings pending interlocutory appeal of the court's denial of his motion to dismiss and concluding that "[t]he absence of a final order of this Court and thus the inapplicability of the collateral order doctrine results in the D.C. Circuit lacking jurisdiction over defendant's pending interlocutory appeal" such that "[t]he Court thus retains jurisdiction over defendant's case").

The Court did not explicitly address the merits of Biaou's double-jeopardy arguments in its Opinion and Order denying his motion to dismiss the wire fraud counts of the Superseding Indictment for lack of jurisdiction. It did not do so because the motion was "patently untimely." Op. & Order, ECF No. 146 at 9. The Court reasoned that "[w]hether the Superseding Indictment adequately alleges the 'jurisdictional hook' under 18 U.S.C. § 1343 is . . . properly viewed as a question of the adequacy of the indictment and thus should be raised in a motion to dismiss for a defect in the indictment under Rule 12(b)(3)," not as a challenge to the Court's jurisdiction under Rule 12(b)(2). Id. at 8 (citation omitted). Biaou therefore had to raise this alleged defect in a pretrial motion, not in a post-trial motion after he was already convicted by a jury. See id. at 9. This explanation suffices as a written finding that Biaou's double-jeopardy arguments were frivolous, and the Court accordingly retains jurisdiction despite the pending interlocutory appeal. See United States v. Islam, Crim. Action Nos. 20-45-1 & 20-45-2, 2023 WL 5214072, at *1 (E.D. Pa. Aug. 14, 2023) (explaining that while the court did not "us[e] the word frivolous," the court had "observed that any claim of double jeopardy 'rings hollow'" and that "[t]here was also a tone of incredulity as to the arguments of the defense," such that the court had previously found

the motion to be frivolous and supported its findings in writing and the court was not divested of jurisdiction by an interlocutory appeal). Lest there be any doubt, the Court reiterates the finding here: Biaou's double-jeopardy arguments were frivolous both because they came too late and because the wire fraud allegations in the Superseding Indictment clearly did not expose him to two prosecutions for the same conduct.

Moreover, the Court made a written finding that the interlocutory appeal itself is frivolous in its previous minute order and reiterates that finding now as well, which is sufficient for this Court to retain jurisdiction despite Biaou's interlocutory appeal. See United States v. Islam, 102 F.4th 143, 148 (3d Cir. 2024) (noting that "the District Court issued a memorandum concluding the interlocutory appeal was frivolous, allowing it to retain jurisdiction and proceed with the scheduled retrial during this appeal"). As explained above in the discussion of why a stay pending interlocutory appeal is not warranted, Biaou's interlocutory appeal is baseless because the D.C. Circuit likely does not have jurisdiction over it. In particular, Biaou has not made a "colorable" double-jeopardy claim, see Richardson, 468 U.S. at 322, and the collateral-order exception to the final-judgment rule would not apply because he is not "contesting the very authority of the Government to hale him into court to face trial on the charge against him," Abney, 431 U.S. at 659. And his appeal goes beyond the issue of double jeopardy by presenting seven unrelated objections to the Court's Opinion and Order, divesting the D.C. Circuit of jurisdiction over his interlocutory appeal since only those claims premised on double jeopardy are subject to the collateral-order exception. See Abney, 431 U.S. at 663 (explaining that any other claims "presented to, and rejected by, the district court in passing on the accused's motion to dismiss . . . are appealable if, and only if, they too fall within [the] collateral-order exception to the final-judgment rule"). Biaou's interlocutory appeal is therefore a frivolous attempt to seek

review of this Court's Opinion and Order in the apparent hopes of delaying, or obviating, sentencing by a favorable decision from the D.C. Circuit.

Because this Court has found in writing that both Biaou's motion to dismiss the wire fraud counts of the indictment and his interlocutory appeal are frivolous, this Court retains jurisdiction over the case despite the pending interlocutory appeal. Absent a stay being issued by the D.C. Circuit, the Court can—and will—proceed to sentencing.

## III. Conclusion

For the foregoing reasons, the Court reiterates its denial of Defendant's [150] Motion to Stay Proceedings Pending Interlocutory Appeal. The Court finds that Defendant's [149] Notice of Interlocutory Appeal is frivolous and that the Court therefore retains jurisdiction pending any decision by the D.C. Circuit. Accordingly, the Court will proceed with the sentencing hearing scheduled for October 29, 2026 at 10:00 AM.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: October 26, 2026